

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00492-CR

Jeffery Brian **SPAULDING**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR3848
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:         Karen Angelini, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  April 2, 2014

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Pursuant to a plea-bargain agreement, Jeffery Brian Spaulding pled nolo contendere to the offense of murder and was sentenced to forty years' imprisonment. The trial court gave Spaulding permission to appeal, and Spaulding appealed. *See* TEX. R. APP. P. 25.2(a)(2).

Spaulding's court-appointed counsel has filed a brief in which he concludes this appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel has also filed a motion to withdraw. Counsel represents that Spaulding was provided with a copy of the brief and the motion to withdraw, and

was informed of his right to review the record and file his own brief. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Spaulding did not file a pro se brief.

The record shows the trial court found Spaulding to be indigent and appointed counsel to represent him at trial and on appeal. However, the judgment signed by the trial court assesses an unspecified amount of attorney's fees against Spaulding. Additionally, the bill of costs prepared by the trial court clerk states that the amount of court-appointed attorney's fees assessed against Spaulding is "TBD" ("to be determined"). The evidence in the record does not support a finding that Spaulding's ability to pay attorney's fees changed after the trial court determined Spaulding to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). We, therefore, modify the judgment and the bill of costs to delete the assessment of attorney's fees against Spaulding. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and the bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant).

We have reviewed the record and counsel's brief, and we agree that this appeal is frivolous and without merit. The trial court's judgment is affirmed as modified, and counsel's motion to

withdraw is granted.[1] *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns*, 924 S.W.2d at 177 n.1.

Karen Angelini, Justice

DO NOT PUBLISH

---

[1]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.